DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 0 6 2009

**KENNETH J. ARONSON**
ATTORNEY AT LAW
270 MADISON AVENUE
13TH FLOOR
NEW YORK, N.Y. 10016

VIVIAN SHEVITZ
COUNSEL

TELEPHONE: (212) 573-8920
FAX: (212) 688-6457

November 4, 2009

Via Fax 212-805-0426

Honorable Laura Taylor Swain
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMORANDUM ENDORSED**
The ECF system provides notice of the entry of this Order to each party that has both entered an appearance in this case and registered with ECF. The ECF-registered attorneys are responsible for providing notice to any co-counsel whose e-mail addresses are not reflected on the ECF docket for this case, and Plaintiff's counsel, upon receiving notice of this Order, is hereby ordered to fax or otherwise deliver promptly a copy to all parties who are not represented by ECF-registered counsel. A certificate of such further service shall be filed within 5 days from the date hereof. Counsel who have not registered for ECF are ordered to register immediately as filing users in accordance with the Procedures for Electronic Case Filing.

Re: **Anthony Casso v. Philip Carlo**
Docket No. 2009 Civ. 520 (LTS)(JCF)

Dear Judge Swain:

I am an attorney for Philip Carlo. Recently, Frank Carlo, the father of defendant Philip Carlo, received a letter from the plaintiff's attorneys dated October 27, 2009, which stated that the plaintiff "intends to seek a default judgment against Defendant Philip Carlo." Frank Carlo acknowledged receipt of this letter by signing his name, Frank Carlo, on a receipt form.

By letter dated May 5, 2009, I advised the plaintiff's lawyers as follows:

"I was recently informed by Frank Carlo, the father of Philip Carlo, that Frank Carlo was served at his residence at 42 East 2nd Street, Freeport, New York the summons and complaint pertaining to the above case. (Frank Carlo is not a party to this lawsuit.) Philip Carlo, who is now 60 years old, left home at the age of eighteen and has not lived with his parents since then. Philip Carlo has never resided at 42 East 2nd Street, Freeport, and his father is not authorized to accept service of process on behalf of Philip Carlo.

Under these circumstances, this service of process is ineffective. In the event that you seek to move for a default judgment based upon this service, kindly advise the undersigned and also include a copy of this letter in your moving papers to the Court."

By correspondence dated May 6, 2009, I informed the attorneys for the plaintiff that Philip Carlo was not even in New York State on April 25, 2009, the date of the alleged service of process, and that, if requested, I would "obtain an affidavit from Frank Carlo stating that he was the recipient of the summons and complaint." No such request for this affidavit was ever made. Attached hereto are copies of the letters dated May 5, 2009, and May 6, 2009.

Under these circumstances, there is no basis to conclude that defendant Philip Carlo has been

served with the summons and complaint in the case herein. Once again, I request that any papers seeking a default judgment be served on me so that they may be responded to and I will gladly supply an affidavit from Frank Carlo that he was served with process on or about April 25, 20090, not Philip Carlo, who does not reside with his parents in Freeport, Long Island.

Respectfully yours,

Kenneth J. Aronson

cc: Anthony J. Pope, Esq.
Picillo, Caruso, Pope, Edell, Picini, P.C.
60 Route 46 East
Fairfield, NJ 07004

Via Fax 973-667-1200

Papers must be served on Mr Aronson as per the above request. Mr Aronson is directed to enter an appearance (with whatever express limitations he deems appropriate) in this case for purposes of the Court's ECF system. The Court will not send notices in the absence of such an appearance.

SO ORDERED.

NEW YORK, NY
NOV 5, 2009
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE