Anthony J. Pope (AP 2188)
THE ANTHONY POPE LAW FIRM, P.C.
60 ROUTE 46 EAST
FAIRFIELD, NEW JERSEY 07004
973-667-6000
Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| Anthony CASSO, Plaintiff v. Philip CARLO, Defendant | Case No.: 09 Civ. 520 (LTS)(JCF) <br><br> **Civil Action** |
|---|---|

PRELIMINARY PRETRIAL STATEMENT

THE ANTHONY POPE LAW FIRM, P.C.
60 Route 46 East
Fairfield, New Jersey
(973) 667-6000
Attorneys for Plaintiff,
Anthony Casso

\*\*\*Please note that notwithstanding Paragraph 4 of the Court's January 27, 2009 Order, this statement is a unilateral submission inasmuch as the Defendant has not yet filed an Answer and Motion for Default Judgment is currently pending before this Court.

In accordance with the requirements outlined in Paragraph 4 of the Court's January 27, 2010 Order, the Plaintiff offers the following:

a. <u>CONCISE STATEMENT OF THE NATURE OF THIS ACTION</u>
   Plaintiff, Anthony Casso, alleges that the Defendant, Anthony Carlo requested that he be given an opportunity to write the Plaintiff's biography. At the time, the Plaintiff was already involved in negotiations with another author for the same purpose. However, based upon the Defendant's representation of assisting the Plaintiff in having his conviction reversed and the Plaintiff's knowledge of the Defendant's parents, Plaintiff assigned the contractual rights to his story to the Defendant. In consideration of same, the proceeds of the book and any derivative thereof were to be divided equally between the parties.

   The Plaintiff cooperated with all phases of research and development of the book in question, including the divulgence of confidential information known only to the Plaintiff. Nevertheless, despite the book's (GasPipe, Harper Collins) being published in or around July 2008, the Defendant has not forwarded any proceeds to the Plaintiff.

b. <u>JURISDICTION</u>
   The Court's jurisdiction is based upon citizenship diversity, pursuant to 28 U.S.C. 1332(a)(1). Additionally, the amount in controversy exceeds $75,000.00.

c. <u>MATERIAL UNCONTESTED FACTS</u>
   As the Defendant has not answered the complaint in this matter, all facts are uncontested.

d. UNCONTESTED LEGAL ISSUES
   As the Defendant has not answered the complaint in this matter, all legal issues are uncontested, with the possible exception of the pending Motion for Default judgment.

e. LEGAL ISSUES TO BE DECIDED BY THE COURT
   The Plaintiff's Motion for Default Judgment is pending before the Court. In sum, the Plaintiff moves the Court for an Order granting Default Judgment based on the fact that valid service of the Complaint was effectuated on the Defendant. Yet to date, the Defendant has failed to answer said complaint. The Defendant's argument that he was not served is disingenuous in light of the proof of service previously provided to the Court. Furthermore, the fact that the Defendant has enlisted the assistance of an attorney to aid in defending the motion for default judgment is inconsistent with his claim of not having been served and demonstrates a willingness to evade service.

f. MATERIAL DISPUTED FACTS
   As the Defendant has not answered the complaint in this matter, all facts are uncontested.

g. LEGAL BASIS FOR THE CAUSE OF ACTION
   To prove a prima facie case for breach of contract, a plaintiff must plead and prove (1) The existence of a contract (2) a breach of that contract (3) damages resulting from that breach. _National Market Share v. Sterling National Bank,_ 392 F. 3d 520, 525. One who violates his contract with another is liable for all the direct and proximate damages which result from the violation. _National Market Share,_ 392 F. 3d at 525, citing _Wakeman v. Wheeler and Wilson Mfg. Co.,_ 101 N.Y. 205, 209.

h. LEGAL BASIS FOR DEFENSES
   N/A.

i. BURDEN OF PROOF
   The burden of proof in this matter falls upon the Plaintiff by a preponderance of evidence.

j. PLEADING AMENDMENTS
   The Plaintiff does not anticipate amending any pleadings.

k. MAGISTRATE

At this time, the Plaintiff does not consent to the transfer of the matter to a U.S. Magistrate Judge. However, Plaintiff does not foreclose same in the future.

l. F.R.C.P. 26 (a) DISCLOSURES
As the Defendant has not yet answered the complaint, there have been no F.R.C.P. 26(a) disclosures and the timetable for such remains indefinite.

m. DISCOVERY CUT-OFF
It is the Plaintiff's position that in light of the Defendant's failure to answer the complaint, no discovery need be exchanged and the Plaintiff's Motion for Default should be granted.

n. EXPERT TESTIMONY
No expert testimony is anticipated at this time. However, an expert in the field of publishing may be necessary in the event of trial.

o. LIMITATIONS ON DISCOVERY
N/A

p. SETTLEMENT DISCUSSIONS
As the Defendant has not answered the complaint no settlement discussions have commenced.

q. TRIAL
Plaintiff requests a trial by jury. Plaintiff anticipates three days for presentation of the Plaintiff's case-in-chief.

r. OTHER ORDERS
N/A.

Respectfully submitted,
THE ANTHONY POPE LAW FIRM, P.C.

_____
ANTHONY J. POPE, ESQ.

DATED:     October 20, 2010